IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| CHARLES L. SULLIVAN, | § | |
| (TDCJ-CID #747162) | § | |
|     Petitioner, | § | |
| vs. | § | CIVIL ACTION V-19-0051 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
|     Respondent. | § | |

## MEMORANDUM ON DISMISSAL

Charles L. Sullivan has filed a petition for habeas corpus relief under 28 U.S.C. § 2254 challenging his 1996 conviction for capital murder. (Cause Number 94CR0727). The threshold issue is whether this petition is subject to dismissal for lack of jurisdiction.

On May 23, 2000, Sullivan filed a federal petition for a writ of habeas corpus, Civil Action Number 3:00-0502, challenging his conviction for capital murder. On July 31, 2001, this Court determined that his petition was barred by the statute of limitations and granted the respondent's motion for summary judgment.

In the instant federal petition filed on June 13, 2019, Sullivan challenges the same conviction and sentence. The issue of whether a habeas corpus petition is successive may be raised by the district court sua sponte. *Rodriguez v. Johnson*, 104 F.3d 694, 697 (5th Cir. 1997). This Court lacks jurisdiction to consider Sullivan's petition as it is a "successive" application governed by the amendments to the AEDPA requiring that the Fifth Circuit authorize the district court to consider the application before it is filed in the district court.

Title 28 U.S.C. § 2244(b)(3)(A) (1998) provides, "Before a second or successive application

permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." There is no indication on the record that the United States Court of Appeals for the Fifth Circuit has authorized this Court to consider Sullivan's successive application, and therefore, this Court lacks jurisdiction to consider Sullivan's habeas claims.[1]

Sullivan's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is DISMISSED for lack of jurisdiction. The showing necessary for a Certificate of Appealability is a substantial showing of the denial of a constitutional right. *Hernandez v. Johnson,* 213 F.3d 243, 248 (5th Cir. 2000)(citing *Slack v. McDaniel,* 429 U.S. 473, 483 (2000)). An applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further. *See Clark v. Johnson,* 202 F.3d 760, 763 (5th Cir. 2000).

When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Rudd v. Johnson,* 256 F.3d 317, 319 (5th Cir. 2001)(citing

---

[1] When a civil action is filed in a court and that court finds that there is a want of jurisdiction, the court shall transfer the action to any other court in which the action could have been brought at the time it was filed. 28 U.S.C. § 1631. The action shall proceed as if it had been filed in the court to which it is transferred on the date upon which it was actually filed in the court from which it was transferred. *Id.*

From Sullivan's litigation history, the Court determines that Sullivan is capable of refiling this suit in the United States Court of Appeals for the Fifth Circuit.

*Slack*, 529 U.S. at 484). Sullivan has not made the necessary showing. Accordingly, a certificate of appealability is DENIED.

SIGNED at Victoria, Texas, on July 18, 2019.

_____
KENNETH M. HOYT
UNITED STATES DISTRICT JUDGE